IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DOUGLAS TORRENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:19-cv-00534 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| HUMPHREYS COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the Court is a pro se complaint for alleged violation of civil rights pursuant to 42 U.S.C. § 1983 (Doc. No. 1), filed by Douglas Torrens, a former inmate of the Humphreys County Jail in Waverly, Tennessee.[1] Plaintiff also filed an application to proceed in forma pauperis (IFP) (Doc. No. 2), which the Court will grant by Order entered contemporaneously herewith. The complaint is now before the Court for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## INITIAL REVIEW OF THE COMPLAINT

I. PLRA SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof

---

[1] Plaintiff notified the Court that he was transferred to the Houston County Jail in Erin, Tennessee on October 23, 2019. (Doc. No. 5.)

if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

II. SECTION 1983 STANDARD

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights, under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a

2

Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cty.*, 763 F.3d 592, 595 (6th Cir. 2014).

III. ALLEGATIONS AND CLAIMS

Plaintiff alleges that the Humphreys County Jail "is currently and has been overcrowded, [with] all usable floor space covered with men sleeping on mats," and that inmates "must step over men to move or use restroom." (Doc. No. 1 at 5.) He alleges a lack of indoor recreation "in accordance with TCI minimum standards" and complains of the "temperature in pod, mold, mildew, etc." (*Id.*) Plaintiff states that the overcrowding results in violence, though no specific incident is alleged. (*Id.*) He describes the injuries resulting from these conditions as "mental stress/ignored by staff." (*Id.*) Plaintiff sues the Humphreys County Jail and Sheriff Chris Davis in his official capacity (*id.* at 2) and, as relief, seeks "compensation for mental duress/mistreatment" and "punitive damages according to standards." (*Id.* at 5.) He further seeks "[t]o force the Jail to reduce overcrowding," "get proper recreation, clean up the mold, clear the floors of hazards," and keep the facility "in good repair, within maximum occupancy." (*Id.*)

IV. ANALYSIS

As an initial matter, the Humphreys County Jail is not a proper defendant under Section 1983, which creates a cause of action against "[e]very person" who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. "For purposes of § 1983, 'person' includes individuals and 'bodies politic and corporate.'" *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n. 55 (1978)). A county jail "is a place; it is not a 'person' that

3

can be sued under 42 U.S.C. § 1983." *Tucker v. Salandy*, No. 3:17-cv-00671, 2017 WL 2438401, at *2 (M.D. Tenn. June 6, 2017).

Moreover, in suing Sheriff Davis in his official capacity only (Doc. No. 1 at 2), Plaintiff has effectively sued his employer, Humphreys County. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (holding that "individuals sued in their official capacities stand in the shoes of the entity they represent"). While Humphreys County is a proper defendant under Section 1983, municipal liability may only be established if Plaintiff's harm was caused by the execution of a county policy. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (to hold municipality liable, plaintiff must allege a direct causal link between a policy or custom of the municipality and the alleged constitutional violation). Plaintiff does not attribute the overcrowding or other Jail conditions to any Humphreys County policy.

Even if the complaint could be liberally construed to allege a policy of inaction in the face of the Jail's overpopulation, "'extreme deprivations' must be alleged in order to support a prison-overcrowding claim." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "[O]vercrowding is not, in itself, a constitutional violation," and Plaintiff does not allege that the "overcrowded conditions resulted in an unconstitutional denial of such basic needs as food, shelter, or sanitation," or an inability to secure needed medical care. *Id.* Although he does appear to allege that overcrowding led to an absence of "recreation . . . indoor in accordance with TCI minimum standards" (Doc. No. 1 at 5), he does not allege that overcrowding resulted in the sustained denial of recreation altogether.

Ultimately, even if Plaintiff had sufficiently alleged a constitutional violation attributable to a proper defendant, this action would be barred by 42 U.S.C. § 1997e(e), which precludes federal civil actions by inmates for "mental or emotional injury suffered while in custody without a prior

4

showing of physical injury or the commission of a sexual act[.]" 42 U.S.C. § 1997e(e); *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011). This action seeks to recover for "mental stress" or "mental duress/mistreatment" (Doc. No. 1 at 5)—the only injury that Plaintiff claims to have resulted from the allegedly unconstitutional conditions of his confinement—without alleging a predicate physical injury. The action is therefore barred by Section 1997e(e). *See Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (affirming dismissal under § 1997e(e) where inmate did not allege physical injury as predicate for his emotional distress claim related to strip-searches).

Finally, the Court notes that Plaintiff's transfer to the Houston County Jail has rendered moot his requests for injunctive relief in Humphreys County. *See Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) (noting rule that "prisoner's claim for declaratory and injunctive relief against certain prison officials [becomes] moot once the prisoner [i]s transferred from the prison of which he complained to a different facility") (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996)). Accordingly, the Court will dismiss these claims for injunctive relief. *Whipple v. Millay*, No. 1:14-cv-00117, 2017 WL 4176339, at *5 (M.D. Tenn. Sept. 21, 2017) (dismissing injunctive claims against defendants at plaintiff's former place of incarceration for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii), as "[t]he Court cannot grant relief for a moot claim").

## **CONCLUSION**

For the reasons set forth above, the Court finds that the complaint fails to state a claim upon which relief may be granted, and that this case must therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

5

Case 3:19-cv-00534   Document 7   Filed 11/17/20   Page 5 of 6 PageID #: 44

An appropriate Order will enter.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE