IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DOUGLAS TORRENS, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   NO. 3:19-cv-00534 |
| v. | ) |
| | )   JUDGE RICHARDSON |
| HUMPHREYS COUNTY JAIL, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Before the Court is a pro se complaint for alleged violation of civil rights pursuant to 42 U.S.C. § 1983 (Doc. No. 1), filed by Douglas Torrens, a former inmate of the Humphreys County Jail in Waverly, Tennessee.[1] Plaintiff also filed an application to proceed in forma pauperis (IFP). (Doc. No. 2.) This matter is now before the Court for a determination of Plaintiff's pauper status and an initial review of the complaint pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## APPLICATION TO PROCEED AS A PAUPER

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee of $350.00 required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The warden of the facility in which Plaintiff is currently housed, as custodian of

---

[1]     Plaintiff notified the Court that he was transferred to the Houston County Jail in Erin, Tennessee on October 23, 2019. (Doc. No. 5.)

Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## INITIAL REVIEW

Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court is required to conduct an initial review of the complaint, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. For the reasons stated in the accompanying Memorandum Opinion, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

2

Case 3:19-cv-00534   Document 8   Filed 11/17/20   Page 2 of 3 PageID #: 47

## CONCLUSION

In light of the foregoing, this action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

This is the final order in this action. The Clerk **MUST** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE